

**Service of Process Transmittal**
06/26/2017
CT Log Number 531473529

| | |
|---|---|
| **TO:** | Jerry Hager<br>Amerihome Mortgage Company, LLC<br>21215 Burbank Boulevard, 4th Floor<br>Woodland Hills, CA 91367-7090 |
| **RE:** | **Process Served in West Virginia** |
| **FOR:** | AmeriHome Mortgage Company, LLC  (Domestic State: DE) |

**EXHIBIT A**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AMANDA HANSON AND NICHOLAS HANSON, Pltfs. vs. AMERIHOME MORTGAGE COMPANY, LLC and JOHN DOE HOLDER, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Letter |
| **COURT/AGENCY:** | Fayette County Circuit Court, WV<br>Case # 17C210B |
| **NATURE OF ACTION:** | Wrongful Foreclosure |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/26/2017 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Lone Stark<br>Mountain State Justice, Inc.<br>1031 Quarrier St., Suite 200<br>Charleston, WV 25301<br>304-344-3144 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0126733929<br><br>Image SOP<br><br>Email Notification,  Jerry Hager  jerry.hager@amerihome.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br>919-821-7139 |

Page 1 of  1 / AH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**

ZIP 25311 $ 006.20
02 4W
0000336734 JUN 23 2017

BUSINESS & LICENSING
1610 - 00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0002 1052 01

AMERIHOME MORTGAGE COMPANY LLC
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

| | |
|---|---|
| **Control Number:** 197445 | **Agent:** C. T. Corporation System |
| **Defendant:** AMERIHOME MORTGAGE COMPANY LLC<br>5400 D Big Tyler Road<br>CHARLESTON, WV 25313 US | **County:** Fayette<br>**Civil Action:** 17-C-210 (B)<br>**Certified Number:** 92148901125134100002105201<br>**Service Date:** 6/22/2017 |

I am enclosing:

    **1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

**AMANDA HANSON AND**
**NICHOLAS HANSON,**

**Plaintiffs,**

v.

CIVIL ACTION NO. 17-C-210(B)

**AMERIHOME MORTGAGE COMPANY, LLC,**
**and JOHN DOE HOLDER,**

**Defendants.**

**SERVE:**

**AMERIHOME MORTGAGE COMPANY, LLC**
**21215 BURBANK BOULEVARD, 4TH FLOOR**
**WOODLAND HILLS, CA 91367**

### SUMMONS

To: The Above-Named Defendant:

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon **Loree Stark / Mountain State Justice, Inc.,** whose address is **1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

_[signature]_

Clerk of Court

Date: 6/5/17

IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

AMANDA HANSON AND
NICHOLAS HANSON,

    Plaintiffs,

v.                                                 CIVIL ACTION NO. 17-C-210(B)

AMERIHOME MORTGAGE COMPANY, LLC,
and JOHN DOE HOLDER,

    Defendants.

## COMPLAINT

1.     This is a wrongful foreclosure case arising out of loan servicer abuse by Defendant Amerihome Mortgage Company, LLC ("Amerihome"). Defendant Amerihome failed to consider the Plaintiffs for appropriate loss mitigation mandated by the United States Department of Housing and Urban Development regulations governing treatment of borrowers in FHA-insured mortgage loans. The regulations emphasize the lender's responsibility for managing borrower defaults and outline the loss mitigation options that must be considered for each borrower. Amerihome referred the loan to foreclosure in breach of the parties' agreement and HUD regulations. Plaintiffs bring this suit to save their home and for other relief.

## PARTIES

2.     The Plaintiffs, Amanda and Nicholas Hanson, are residents of Fayetteville, West Virginia. Plaintiffs are veterans of the armed forces. Neither are sophisticated in financial matters.

3.     <u>Servicer</u>: Defendant Amerihome Mortgage, Inc. is a national mortgage loan servicer corporation servicing mortgage loans in West Virginia with its principal place of business at 21215 Burbank Boulevard, 4th Floor, Woodland Hills, California, 91367.

4. <u>Holder</u>: Defendant John Doe Holder is the holder of Plaintiffs' mortgage loan and may be added once the identity of the holder is ascertained. As holder, said Defendant is liable for the acts and omissions of its servicer.

## FACTS

5. On or about October 21, 2014, Plaintiffs entered into a home mortgage loan of $194,200.00 with Victorian Finance, LLC to purchase a home in Fayetteville, West Virginia.

6. The deed of trust incorporates the Regulations of the HUD Secretary, and further states that acceleration or foreclosure is not authorized unless in accordance with said regulations. (<u>See</u> Deed of Trust ¶ 9.)

7. (a) On or around November 11, 2014, the servicing rights of the loan were transferred to Defendant Amerihome.

(b) On or around December 21, 2014, Defendant Amerihome designated LoanCare, LLC as its subservicer on the loan.

(c) On or around April 2, 2015, Defendant Amerihome replaced LoanCare, LLC as its subservicer with Cenlar FSB.

8. At some point on or around October 14, 2016, for reasons unclear, Defendant Amerihome began once again servicing Plaintiffs' loan directly.

9. The Hansons experienced a decrease in household income on or around February 2016, when Mr. Hanson was laid off from his job. The Hansons continued making payments for several months until they could no longer afford to on their limited income.

10. (a) Plaintiffs contacted Defendant Amerihome's then-subservicer Cenlar in or around September 2016, inquiring about loss mitigation options. Defendant Amerihome or its subservicer Cenlar informed Plaintiffs that they could apply for loss mitigation.

    (b)  Defendant Amerihome or its subservicer Cenlar sent Plaintiffs an initial loss mitigation packet. Plaintiffs diligently filled out their loss mitigation paperwork and sent it to Defendant.

  11.  On or around November 2016, Mr. Hanson went back to work, although at a significantly decreased income.

  12.  (a)  Plaintiffs frequently contacted Defendant Amerihome to check on the status of the application. They were frequently informed their loss mitigation packet was missing information and that Defendant had sent letters requesting that information.

    (b)  Plaintiffs received letters about missing documentation but they had provided the information timely and continued to do so. Plaintiffs continued to respond to Defendant Amerihome's requests for months.

    (c)  On or around January 30, 2017, Plaintiffs received a letter stating that documentation was missing. Included in the letter was a paragraph stating: "Lack of receiving the outstanding information by the date referenced may make you ineligible for the home affordable modification program in the future as well."

  13.  The refusal to reconsider a borrower for future loss mitigation based on incomplete packets is not in accordance with industry best practices and applicable regulations.

  14.  On or around February 15, 2017, Plaintiffs received a letter stating that Defendant Amerihome was "discontinuing" the loss mitigation process because Plaintiffs had not provided timely information. The letter did not state that Plaintiffs had been denied for loss mitigation options. The letter did not offer Plaintiffs any opportunity to appeal the "discontinuation" of the loss mitigation process.

15. (a) On March 4, 2017, Plaintiffs received a Notice of Trustee's sale for the property, scheduled for March 24, 2017.

(b) The sale was canceled after Plaintiffs notified the Trustee of their ongoing servicing issues.

16. In the servicing of Plaintiffs' loan, Defendant Amerihome failed to comply with industry standards as well as applicable rules and regulations relating to loss mitigation activities on mortgage loans.

17. While Plaintiffs can now afford regular monthly payments, they cannot afford the arrears that have accrued as the direct result of Defendant Amerihome's failure to timely evaluate their applications for loss mitigation assistance.

18. If Plaintiffs had known that Defendant Amerihome would not appropriately evaluate them for loss mitigation assistance, they would have taken timely steps to avoid foreclosure before arrears accrued to such a level that it was impossible.

19. Plaintiffs have suffered economic loss, worry and stress, annoyance and inconvenience, and fear of loss of her home.

## CLAIMS FOR RELIEF

### COUNT I—MISREPRESENTATIONS AND UNCONSCIONABLE CONDUCT

20. Plaintiffs incorporate by reference all of the preceding and succeeding paragraphs.

21. As hereinbefore alleged, Defendant Amerihome made misrepresentations in connection with the collection of a debt and/or obtaining information from a consumer in violation of West Virginia Code § 46A-2-127 and engaged in unconscionable and unfair conduct in the collection of the debt in violation of West Virginia Code § 46A-2-128, including:

(a) Directing its appointed trustee to proceed with scheduling a foreclosure sale despite representing to Plaintiff that the loss mitigation process was ongoing;

(b) Misrepresenting to Plaintiffs the status of their loss mitigation application;

(c) Failing to advise Plaintiffs about their appeal rights of a wrongful denial for assistance.

22. As holder of the loan, Defendant John Doe Holder is liable for the acts and omissions of its servicer.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Maximum civil penalties for each violation pursuant to sections 46A-5-101(1) & -106 of the West Virginia Code;

(b) Actual damages;

(c) Reasonable attorney's fees and the cost of this litigation; and

(d) Such other relief the Court deems equitable and just.

### COUNT II - BREACH OF CONTRACT

23. Plaintiffs incorporate all of the preceding paragraphs by reference.

24. The Deed of Trust agreement provides that Plaintiffs have a contractual right to reinstate their loan. (Deed of Trust ¶ 19.)

25. The Deed of Trust provides Defendants the discretion to modify the contract or engage in other types of payment plans. (Deed of Trust ¶ 12.)

26. (a) The Deed of Trust agreement between the parties "does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." (Deed of Trust ¶ 9(d).)

(b) The regulations incorporated in the parties' agreement are found in 24

CFR § 203 et seq.

  (c) These applicable regulations incorporated into the Deed of Trust, since assigned to Defendant Amerihome, require mortgage loan servicers to consider borrowers for a host of loss mitigation alternatives prior to pursuing foreclosure and to follow procedures for servicing the subject mortgage loan.

  (d) Defendants have breached the contract by their actions and inactions, including but not limited to:

    (i) Failing to evaluate Plaintiffs for all loss mitigation techniques before four full monthly installments came due (24 CFR § 203.605);

    (ii) Failing to properly counsel Plaintiffs (24 CFR § 203.602);

    (iii) Failing to provide information regarding the loan of the process of review under FHA guidelines to Plaintiffs (24 CFR § 203.508);

    (iv) Failing to conduct or meaningfully attempt to arrange a face-to-face interview with Plaintiffs within three months of default (24 CFR § 203.604);

    (v) Initiating foreclosure proceedings before all loss mitigation options have been considered (24 CFR § 203.606); and

    (vi) Failing to inform Plaintiffs in writing why Defendants could not provide assistance (Mortgagee Letter 2000-05 at 11, ¶ H).

27. Defendants have an implied contractual duty to act in good faith in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

28. Defendants breached contractual duties of good faith and express contractual provisions by:

    (a)    needlessly prolonging Plaintiff's loss mitigation review, thereby allowing Plaintiff's indebtedness to increase to an extent it was impossible to reinstate;

    (b)    failing to provide Plaintiffs with information regarding all of the loss mitigation options available to them to avoid loss of home;

    (c)    failing to provide decisions regarding review and consideration of Plaintiffs' requests for assistance;

    (d)    failing to consider specific options to minimize loss, including a special forbearance, loan modification, partial claim, recasting of the mortgage, and other options; and

29.    Defendants' breach of express contractual provisions and contractual duties was intentional, wanton, and/or reckless.

30.    Plaintiffs were damaged as a proximate result of Defendants' breach of express provisions and its duty to exercise its contractual discretion in good faith and with fair dealing.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    (a)    Actual and compensatory damages;

    (b)    Equitable relief including a declaration that Defendants breached the contract as alleged; and

    (c)    Such other relief as the Court deems equitable and just.

## COUNT III—TORTIOUS INTERFERENCE WITH CONTRACT--AMERIHOME

31.    Plaintiffs incorporate by reference all of the preceding paragraphs.

32.    Plaintiffs entered into a loan contract, secured by their home, by which Plaintiffs are to make monthly payments for the benefit of the loan's owner, Defendant John Doe Holder, and to ensure against foreclosure.

33.    Amerihome is not a party to the contract.

34. Amerihome intentionally interfered with said mortgage loan contract by not appropriately considering Plaintiff for all loss mitigation options, including loss mitigation options otherwise available to Plaintiff because the loan is held by another entity.

35. Plaintiffs have suffered harm and damage as the direct result of Amerihome's interference with the contract, including the accrual of arrears and the likely sale of her home in foreclosure.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    (a)    Actual damages;

    (b)    Punitive damages and reasonable attorney's fees and the cost of litigation

    (c)    Such other relief the Court deems equitable and just.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

    **AMANDA AND NICHOLAS HANSON,**
    **By Counsel.**

*[signature]*

Colten Fleu (WV Bar No. 12079)
Loree Stark (WV Bar No. 12936)
Mountain State Justice, Inc.
1031 Quarrier St., Suite 200
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
loree@msjlaw.org